UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | 6:23-cr-12-1 |
| ) | |
| JOSE MIGUEL MARRERO ) | |

## PLEA AGREEMENT

Defendant Jose Miguel Marrero, represented by Defendant's counsel Matthew K. Hube, and the United States of America, represented by Assistant United States Attorney Marcela C. Mateo and Special Assistant United States Attorney Michael Z. Spitulnik, have reached a plea agreement in this case. The terms and conditions of that agreement are as follows:

1. **Guilty Plea**

Defendant agrees to enter a plea of guilty to Count Three of the Second Amended Indictment, which charges a violation of 18 U.S.C. § 922(a)(6).

2. **Elements and Factual Basis**

The elements necessary to prove the offense charged in Count Three are (1) the Defendant bought a firearm from a federally licensed firearms dealer; (2) the Defendant knowingly made a false or fictitious statement that was intended to deceive the dealer; and (2) the subject matter of the sale statement was material to the lawfulness of the sale.

Defendant agrees to the accuracy of the following facts, which satisfy each of the offense's required elements:

Defendant's Initials: JMM

Had this matter proceeded to trial, the Government would have proven beyond a reasonable doubt that on or about November 22, 2022, Marrero, aided and abetted by Christmas, bought a Ruger EC95, 9mm handgun; Ruger LCP, .380 handgun; Ruger LCP, .380 handgun; Smith & Wesson Bodyguard, .380 handgun; and Bond Arms Stinger, 9mm handgun, from Backwoods Armory, LLC, located in Bulloch County, Georgia, within the Southern District of Georgia. Backwoods Armory, LLC, is a federally licensed firearms dealer.

At the time of the purchase, Marrero, aided and abetted by Christmas, knowingly made a false or fictious statement that was intended to deceive the dealer as to a fact material to the lawfulness of such sale of the firearms. To purchase the firearms, Marrero executed the Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearms Transaction Record. On said form, Marrero indicated that he was the actual buyer of the firearms on the Form 4473, which in fact was false as Marrero knew he was not the actual buyer of the firearms. The actual buyer was Tony Terry.

Marrero and Christmas purchased these firearms for Terry. Terry is Christmas' husband's brother-in-law. Terry would provide the list of firearms to Christmas, who provided it to Marrero. Christmas is Marrero's mother. Terry provided money for the purchase of the firearms. Terry was not a resident of Georgia, and the firearms were sent and/or possessed by Terry in New York, where Terry resided. Both Marrero and Christmas had reasonable cause to believe that Tony Terry had previously been convicted in any court of a crime punishable by

2

Defendant's Initials: JMM

imprisonment for a term exceeding one year. Marrero and Christmas bought the firearms for Terry who would remove them from the state of Georgia.

3. **Possible Sentence**

Defendant's guilty plea will subject Defendant to the following maximum possible sentence: 10 years' imprisonment, 3 years' supervised release, a $250,000 fine, such restitution as may be ordered by the Court, and forfeiture of all forfeitable assets. The Court additionally must impose a $100 special assessment.

4. **No Promised Sentence**

No one has promised Defendant that the Court will impose any particular sentence or a sentence within any particular range. The Court is not bound by any estimate of sentence given or recommendations made by Defendant's counsel, Government, the U.S. Probation Office, or anyone else. The Court may impose a sentence up to the statutory maximum. Defendant will not be allowed to withdraw Defendant's plea of guilty if Defendant receives a more severe sentence than Defendant expects.

5. **Court's Use of Sentencing Guidelines**

The Court is obligated to use the United States Sentencing Guidelines to calculate the applicable guideline range for Defendant's offense. The Sentencing Guidelines are advisory; the Court is not required to impose a sentence within the range those Guidelines suggest. The Court will consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), in determining Defendant's sentence. The Sentencing Guidelines

Defendant's Initials: JMM

are based on <u>all</u> of Defendant's relevant conduct, pursuant to U.S.S.G. § 1B1.3, not just the conduct underlying the particular Count to which Defendant is pleading guilty.

6. <u>Agreements Regarding Sentencing Guidelines</u>

   a. <u>Use of Information</u>

   Nothing in this agreement precludes the Government from providing full and accurate information to the Court and U.S. Probation Office for use in calculating the applicable Sentencing Guidelines range. Any incriminating information provided by the Defendant during the Defendant's cooperation will not be used in determining the applicable Guidelines range, pursuant to Section 1B1.8 of the Sentencing Guidelines.

   b. <u>Acceptance of Responsibility</u>

   If the Court determines that Defendant qualifies for an adjustment under U.S.S.G. § 3E1.1(a), and the offense level prior to operation of § 3E1.1(a) is 16 or greater, the Government will move for an additional one-level reduction in offense level pursuant to Section 3E1.1(b) based on Defendant's timely notification of the Defendant's intention to enter a guilty plea.

7. <u>Dismissal of Other Counts</u>

   a. At sentencing, Government will move to dismiss the remaining counts in the Second Amended Indictment as they pertain to Defendant.

4

Defendant's Initials: JMM

8. <u>Cooperation</u>

   a. <u>Complete and Truthful Cooperation</u>

   This agreement does not require Defendant to cooperate. Should Defendant cooperate, however, Defendant understands that he must provide full, complete, candid, and truthful cooperation in the investigation and prosecution of the offenses charged in Defendant's Second Amended Indictment and any related offenses. Defendant shall fully and truthfully disclose Defendant's knowledge of those offenses and shall fully and truthfully answer any question put to him by law enforcement officers about those offenses.

   This agreement does not require Defendant to "make a case" against any particular person. Defendant's benefits under this agreement are conditioned only on Defendant's cooperation and truthfulness, not on the outcome of any trial, grand jury, or other proceeding.

   b. <u>Motion for Reduction in Sentence Based on Cooperation</u>

   The Government, in its **sole discretion**, will decide whether Defendant's cooperation qualifies as "substantial assistance" pursuant to U.S.S.G. § 5K1.1 or Fed. R. Crim. P. 35 and thereby warrants the filing of a motion for downward departure or reduction in Defendant's sentence. If such a motion is filed, the Court, in its sole discretion, will decide whether, and to what extent, Defendant's sentence should be reduced. The Court is not required to accept any recommendation by the Government that the Defendant's sentence be reduced.

5

Defendant's Initials: JMM

9. <u>Forfeiture</u>

a.  Defendant agrees to forfeit Defendant's interest in any firearms and ammunition involved or used in the knowing commission of the offense to which Defendant has agreed to plead guilty or charged in the Second Amended Indictment, specifically:

Glock 43, 9mm handgun, Serial Number AGBF315;

Taurus 856, .38 special handgun, Serial Number ACL537503;

Taurus G2C, 9mm handgun, Serial Number: ADA787044;

Ruger LCP, .380 handgun, Serial Number: 379062866;

Ruger LCP, .380 handgun, Serial Number: 379063279;

Ruger EC95, 9mm handgun, Serial Number: 46254953;

Ruger LCP, .380 handgun, Serial Number: 379114558;

Ruger LCP, .380 handgun, Serial Number: 372480108;

Smith & Wesson Bodyguard, .380 handgun, Serial Number: KJE7296;

Bond Arms Stinger, 9mm handgun, Serial Number: G55002121;

ACP Philippines Model 206, .38 special handgun, Serial Number: RIA2517215;

Taurus G2C, 9mm handgun, Serial Number: 1C103293;

Taurus G2C, 9mm handgun, Serial Number: 1C124227;

Hi-Point C9, 9mm handgun, Serial Number: P10175643;

Hi-Point C9, 9mm handgun, Serial Number: P10175638;

Taurus Spectrum, .380 handgun, Serial Number: 1J020032; and

Taurus Spectrum, .380 handgun, Serial Number: 1J023695,

6

Defendant's Initials: JMM

(collectively, the "Subject Property").

b. Defendant waives and abandons all right, title, and interest in the Subject Property. Defendant agrees to take all steps requested by the Government to facilitate transfer of title of the Subject Property to the Government. Defendant further agrees not to file any claim, answer, or petition for remission or mitigation in any administrative or judicial proceeding pertaining to the Subject Property. If any such document has already been filed, Defendant hereby withdraws that filing.

c. Defendant agrees to hold the Government and its agents and employees harmless from any claims made in connection with the seizure, forfeiture, or disposal of property connected to this case. Defendant further agrees to waive the requirements of the Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

d. Defendant waives and abandons Defendant's interest in any other property that may have been seized in connection with this case. Additionally, Defendant waives any and all challenges on any grounds to the seizure, forfeiture, and disposal of any property seized in connection with this case. Defendant specifically agrees to waive any challenges arising under the Double Jeopardy Clause of the Fifth Amendment and the Excessive Fines Clause of the Eighth Amendment. The parties agree that the United States will return the following property to Defendant: lottery and scratch-off tickets and a cellular telephone, which were not involved in the offense of conviction.

7

Defendant's Initials: JMM

10. <u>**Financial Obligations and Agreements**</u>

   a. <u>**Special Assessment**</u>

   Defendant agrees to pay a special assessment in the amount of $100, payable to the Clerk of the United States District Court, which shall be due immediately at the time of sentencing.

   b. <u>**Required Financial Disclosures**</u>

   By the date that Defendant enters a guilty plea, Defendant shall complete a financial disclosure form listing all of Defendant's assets and financial interests, whether held directly or indirectly, solely or jointly, in Defendant's name or in the name of another. Defendant shall sign the financial disclosure form under penalty of perjury and provide that form to the Financial Litigation Unit of the United States Attorney's Office and to the United States Probation Office. Defendant authorizes the United States to obtain credit reports on Defendant and to share the contents of those reports with the Court and the United States Probation Office. Defendant also authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the United States Probation Office.

   c. <u>**Financial Examination**</u>

   Defendant will submit to an examination under oath on the issue of Defendant's financial disclosures and assets if deemed necessary by the United States. Such examination will occur not later than 30 days after the entry of Defendant's guilty plea.

Defendant's Initials: JMM

d.  **No Transfer of Assets**

Defendant certifies that Defendant has made no transfer of assets in contemplations of this prosecution for the purpose of evading or defeating financial obligations or forfeiture created by this Agreement or that may be imposed upon Defendant by the Court at sentencing. Defendant promises that Defendant will make no such transfers in the future.

e.  **Material Change in Circumstances**

Defendant agrees to notify the United States of any material change in circumstances, as described in 18 U.S.C. § 3664(k), that occurs prior to sentencing in this case. Such notification will be made within seven days of the event giving rise to the changed circumstances, and in no event later than the date of sentencing.

11. **Waivers**

a.  **Waiver of Appeal**

Defendant entirely waives Defendant's right to a direct appeal of Defendant's conviction and sentence on any ground (including any argument that the statute to which the Defendant is pleading guilty is unconstitutional or that the admitted conduct does not fall within the scope of the statute). The only exceptions are that Defendant may file a direct appeal of Defendant's sentence if (1) the Court enters a sentence above the statutory maximum, (2) the Court enters a sentence above the advisory Sentencing Guidelines range found to apply by the court at sentencing; or (3) the Government appeals the sentence. Absent those exceptions, Defendant explicitly and irrevocably instructs Defendant's attorney not to file an appeal.

Defendant's Initials: JMH

b.  **Waiver of Collateral Attack**

Defendant entirely waives Defendant's right to collaterally attack Defendant's conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion. The only exception is that Defendant may collaterally attack Defendant's conviction and sentence based on a claim of ineffective assistance of counsel.

c.  **FOIA and Privacy Act Waiver**

Defendant waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

d.  **Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 Waiver**

Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a Defendant during the course of plea discussions or plea proceedings. Defendant knowingly and voluntarily waives the protections of these rules. If Defendant fails to plead guilty, or Defendant's plea of guilty is later withdrawn, all of Defendant's statements in connection with this plea, and any leads derived therefrom, shall be admissible for any and all purposes.

10

Defendant's Initials: JMM

12. <u>Defendant's Rights</u>

Defendant has the right to be represented by counsel, and if necessary have the Court appoint counsel, at trial and at every other critical stage of the proceeding. Defendant possesses a number of rights which Defendant will waive by pleading guilty, including: the right to plead not guilty, or having already so pleaded, to persist in that plea; the right to a jury trial; and the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

13. <u>Satisfaction with Counsel</u>

Defendant has had the benefit of legal counsel in negotiating this agreement. Defendant believes that Defendant's attorney has represented Defendant faithfully, skillfully, and diligently, and Defendant is completely satisfied with the legal advice given and the work performed by Defendant's attorney.

14. <u>Breach of Plea Agreement</u>

If Defendant fails to plead guilty, withdraws or attempts to withdraw Defendant's guilty plea, commits any new criminal conduct following the execution of this agreement, or otherwise breaches this agreement, the Government is released from all of its agreements regarding Defendant's sentence, including any agreements regarding the calculation of Defendant's advisory Sentencing Guidelines. In addition, the Government may declare the plea agreement null and void, reinstate any counts that may have been dismissed pursuant to the plea agreement, and/or file new charges against Defendant that might otherwise be barred by this plea agreement.

Defendant waives any statute-of-limitations or speedy trial defense to prosecutions reinstated or commenced under this paragraph.

15. **Entire Agreement**

This agreement contains the entire agreement between the Government and Defendant.

JILL E. STEINBERG
UNITED STATES ATTORNEY

12/28/23
Date

Tania D. Groover
Chief, Criminal Division

_____
Date

Marcela C. Mateo
Assistant United States Attorney

12/28/23
Date

Michael Z. Spitulnik
Special Assistant United States Attorney

12

Defendant's Initials: JMM

I have read and carefully reviewed this agreement with my attorney. I understand each provision of this agreement, and I voluntarily agree to it. I hereby stipulate that the factual basis set out therein is true and accurate in every respect.

12/18/23
Date

_____
Jose Miguel Marrero, Defendant

I have fully explained to Defendant all of Defendant's rights, and I have carefully reviewed each and every part of this agreement with Defendant. I believe that Defendant fully and completely understands it, and that Defendant's decision to enter into this agreement is an informed, intelligent, and voluntary one.

12/18/23
Date

_____
Matthew K. Hube, Defendant's Attorney

13

Defendant's Initials: JMM

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | CR: 623-12-1 |
| ) | |
| JOSE MIGUEL MARRERO ) | |

## ORDER

The aforesaid Plea Agreement, having been considered by the Court in conjunction with the interrogation by the Court of Defendant and Defendant's attorney at a hearing on Defendant's motion to change Defendant's plea and the Court finding that the plea of guilty is made freely, voluntarily and knowingly, it is thereupon,

ORDERED that the plea of guilty by Defendant be, and it is, hereby accepted and the foregoing Plea Agreement be, and it is, hereby ratified and confirmed.

This _17th_ day of _January_ 2024.

_____
J. RANDAL HALL
UNITED STATES DISTRICT CHIEF JUDGE
SOUTHERN DISTRICT OF GEORGIA